# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **TELINIT TECHNOLOGIES, LLC** | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:14-CV-369** |
| | § | **LEAD CASE** |
| | § | |
| **ALTEVA, INC.,** *et al.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jive Communications, Inc.'s ("Jive") Motion for Declaration of Exceptional Case and Award of Attorneys' Fees (Docket No. 89). Having reviewed the parties' arguments and for the reasons stated below, Jive's Motion for Attorneys' Fees is **DENIED**.

## BACKGROUND

On April 29, 2014, Plaintiff Telinit Technologies, LLC ("Telinit") filed this action alleging infringement of U.S. Patent Number 6,192,123 ("the '123 Patent") against Jive. On February 20, 2015, Jive filed a motion for judgment on the pleadings (Docket No. 31) requesting the Court to find that the claims of the '123 Patent were invalid for failure to claim patentable subject matter under 35 U.S.C. § 101. In its response to the motion, Telinit requested that the Court postpone ruling on the motion until after claim construction. Docket No. 41 at 12. The Court held a claim construction hearing on July 21, 2015. Docket No. 76. On September 21, the Court issued a memorandum order construing the disputed terms of the '123 patent and granting Jive's motion for judgment on the pleadings. Docket No. 84. Jive then filed this motion for a finding of an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees on Novemeber 13, 2015. Docket No. 89.

## LEGAL STANDARD

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (concerning both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1757. As the Supreme Court noted, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane*, 134 S. Ct. at 1756.

The predominant factors to be considered, though not exclusive, are 'bad faith litigation, objectively unreasonable positions, inequitable conduct before the PTO, litigation misconduct, and (in the case of an accused infringer) willful infringement." *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation). "Ultimately, a party's entitlement to attorney fees need only be proved by a preponderance of the evidence." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-764, 2015 WL 1284826, at *1 (E.D. Tex. March 20, 2015) (Bryson, J, sitting by designation) (citing *Octane*, 134 S. Ct. at 1758).

## ANALYSIS

Jive states that this case is exceptional and that it should be awarded attorneys' fees. Docket No. 89 at 1. Jive first argues that this case is exceptional because Telinit is a non-practicing entity. *Id.* at 5. Jive contends that Telinit produces less than defendants during the course of

litigation and that Telinit settled with every company against whom it had asserted the '123 Patent

other than Jive, and states that this conduct shows that the case exceptional. *Id*. at 5–7. Next, Jive

argues that the fact that the Court found Telinit's patent ineligible under § 101 is further evidence

that the case is exceptional. *Id*. at 9. Jive states that because it was able to overcome the

presumption of validity by clear and convincing evidence, it has shown that Telinit's case was

exceptionally weak. *Id.* at 10. Finally, Jive argues that it should be granted attorneys' fees because

it was the only company not to settle with Jive, and thus it would be unjust for Jive alone to bear

the cost of defending against the '123 Patent. *Id*. at 11.

Telinit responds that its case was not exceptionally weak and that it did not engage in any

kind of litigation misconduct that would make this case exceptional. Docket No. 92 at 6–7. Telinit

argues that it did not advance meritless arguments, as evidenced by its proposed claim

constructions, many of which were adopted by the Court. *Id*. at 7. Telinit claims that its decision

to defend its patent against Jive's motion to dismiss instead of pursing settlement or dismissal is

further evidence that it litigated this case in good faith. Docket No. 95 at 3. Finally, Telinit argues

that a finding of invalidity on a motion to dismiss is not enough by itself to make a case exceptional.

Docket No. 92 at 10. Telinit further notes that this case was filed before the Supreme Court's

ruling in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), which this Court ultimately

relied on in finding the '123 Patent invalid. *Id*.

Jive has not shown that this case is exceptional. None of the arguments presented by Jive

show that this case is "one that stands out from others with respect to the substantive strength of a

party's litigating position (considering both the governing law and the facts of the case) or the

unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health &*

*Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Jive's only evidence in support of its claim that

Telinit's litigating position lacked strength is the fact that the Court found the patent invalid under § 101. Though Telinit was ultimately unsuccessful in its defense of the '123 Patent's validity, Jive has not shown or even alleged that Telinit's positions on validity were meritless. The Court's finding of invalidity under § 101 at a time when the law of § 101 was unsettled is not enough to make this case exceptional. Further, Jive's argument that Telinit's settlements with other defendants make this case exceptional is unpersuasive, as Jive has not presented evidence that Telinit was engaged in abusive litigation conduct.

### CONCLUSION

Considering the totality of the circumstances, the Court does not believe this to be an exceptional case. Accordingly, Jive's Motion for Attorneys' Fees (Docket No. 89) is **DENIED**.

**SIGNED this 3rd day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE